# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW GRANT HANDLEY, | : | |
| Petitioner/Plaintiff, | : | |
| vs. | : | CA 20-0208-KD-MU |
| ALABAMA LAW ENFORCEMENT AGENCY, et al., | : | |
| | : | |
| Respondents/Defendants. | | |

## **REPORT AND RECOMMENDATION**

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Matthew Grant Handley's failure to prosecute this action and comply with the Court's order dated April 8, 2020 (Doc. 2).

Matthew Grant Handley filed a combined complaint and *in forma pauperis* motion in this Court on April 6, 2020. (Doc. 1). The Clerk's Office docketed the action as a state habeas corpus action brought pursuant to 28 U.S.C. § 2254. (*See* Docket Sheet). Because the true nature of Handley's claim/complaint was questionable based upon his handwritten pleading, which combined a discussion of his finances with a discussion of his claim, the undersigned instructed the Clerk's Office to send to Handley three of this Court's forms (i.e., an IFP form for a *pro se* Petitioner/Plaintiff, a § 2254 form complaint, and a § 1983 form complaint) and ordered Handley "to file the appropriate form complaint in this Court not later than **May 7, 2020,** along with a completed IFP form." (Doc. 2, at 1).

Handley was advised that his "[f]ailure to comply with this Order within the prescribed time or to notify the Court of a change in address will result in the dismissal of this action without prejudice for failure to prosecute and to follow the Court's Order." (*Id.*) To date, Handley has not responded to this Court's April 8, 2020 Order. (*See* Docket Sheet).

An action may be dismissed if a petitioner/plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Handley has not responded to the Court's Order dated April 8, 2020, instructing him to file an appropriate form complaint along with this Court's form for a motion to proceed without prepayment of fees. (*Compare* Docket Sheet Doc. 2). Therefore, it is recommended that Handley's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order dated April 8, 2020.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule

3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of May, 2020.

                                s/P. Bradley Murray
                                **UNITED STATES MAGISTRATE JUDGE**